## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALI RAHMAN,<br><br>             *Plaintiff,*<br><br>     v.<br><br>P/O DANIEL LEONE, #6517,<br><br>             *Defendant.* | CIVIL ACTION<br>NO. 23-4110 |

**Pappert, J.**                                              **August 23, 2024**

### MEMORANDUM

Plaintiff Wali Rahman sued Philadelphia police officer Daniel Leone under 42 U.S.C. § 1983 for false arrest, malicious prosecution, and First Amendment retaliation.  The case went to trial, and the jury found for Rahman on all three claims, awarding him $170,000.  As the prevailing party, Rahman now seeks $66,055.00 in attorneys' fees and $3,870.14 in litigation costs.

Noah Cohen represented Rahman throughout the roughly eight-month litigation and tried the case himself.  Cohen is a partner at the firm Weir Greenblatt Pierce LLP (WGP) with twelve years of litigation experience including four years as a public defender.  Cohen occasionally consulted his more senior colleague Alan L. Yatvin and received administrative support from paralegal Rachel Pogolowitz.  Yatvin is also a partner at WGP and has practiced law for over forty years, handling countless trials and other proceedings in state, federal and international forums.  Pogolowitz has worked as a paralegal for WGP since 2018.

Rahman seeks $59,363.00 for Cohen's 133.4 hours of work at $445 per hour; $4,620.00 for Yatvin's 5.6 hours of work at $825 per hour; and $2,072.00 for

1

Pogolowitz's 11.2 hours of work at $185 per hour.  Cohen, Yatvin and Pogolowitz each provided declarations in support of the requested fees.  Rahman also seeks reimbursement for $3,870.14 in litigation costs, which includes $2,343.15 in Westlaw research fees.  Leone asks the Court to reduce the award to $43,682.32 in fees and $1,526.28 in costs, objecting to Cohen's hourly rate and total hours, Yatvin's hourly rate, and the Westlaw fees.

Having reviewed the parties' briefing and attached exhibits, (ECF Nos. 41–43), the Court grants the motion in part and denies it in part and awards $55,471.50 in attorneys' fees and $1,526.99 in litigation costs.

I

A plaintiff who prevails in a Section 1983 action may petition for and recover reasonable attorneys' fees.  24 U.S.C. § 1988.  She must initially "submit evidence supporting the hours worked and rates claimed," while a defendant opposing the petition must make any objections with specificity sufficient to give notice to the plaintiff.  *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).  Once the defendant objects, the burden rests with the plaintiff to persuade the court of the petition's reasonableness.  *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005).  A district court should not "decrease a fee award based on factors not raised at all by the adverse party."  *McKenna v. City of Philadelphia*, 582 F.3d 447, 459 (3d Cir. 2009).

Calculation of a reasonable fee begins with the lodestar—"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Rode*, 892 F.2d, at 1183.  "Generally, a reasonable hourly rate is calculated according to the

prevailing market rates in the relevant community," which the Third Circuit and courts in this District often ascertain by looking to the fee schedule published by Community Legal Services of Philadelphia (CLS). [1] *Maldonado v. Houstoun*, 256 F.3d 181, 184, 188 (3d Cir. 2001). But the starting point in the reasonable-rate calculation is the "attorney's usual billing rate." *Id.* at 184–85. The court will exclude from the lodestar calculation any hours not reasonably expended, meaning hours that "are excessive, redundant, or otherwise unnecessary." *Rode*, 892 F.2d, at 1183.

## A

Leone first contests Cohen's $445 hourly rate. In his declaration, Cohen states that his "ordinary billing rate"—the starting point for a rate calculation—is $385 per hour. (ECF No. 41, Ex. A at ¶ 14). He nevertheless seeks fees based on a $445 hourly rate, claiming that clients who pay by the hour reimburse WGP for litigation costs as they arise, while WGP covers the costs for contingency-fee clients. That may be the firm's practice, but it does not justify an award based on a $60 increase above counsel's "ordinary billing rate." And in any event, litigation costs are recoverable by prevailing parties in Section 1983 cases, *Planned Parenthood of Cent. New Jersey v. Att'y Gen. of State of New Jersey*, 297 F.3d 253, 267 (3d Cir. 2002), and Rahman will recover certain of those costs here.

Leone also asks the Court to discount Cohen's ordinary rate by an additional 15% to account for several hours of work that Leone contends Cohen should have delegated to a paralegal, secretary or associate. But Cohen ought not be penalized for researching a motion and demand letter on which his signature appeared, nor for

---

[1] The most recent fee schedule may be found at https://clsphila.org/about-community-legal-services/attorney-fees/.

3

billing for roughly three hours of work like scheduling and preparing exhibits for a trial he handled with no other attorney or paralegal in the courtroom supporting him.

B

Leone objects next to four of Cohen's time entries or series of entries that Leone thinks excessive, again arguing the Court should simply reduce Cohen's total hours by 15%. Two of the four entries are excessive and the Court will reduce them accordingly, but a 15% reduction is unwarranted and unsupportable.

Cohen billed for 10.4 hours of work to prepare Leone's cross-examination, justifying the time by, among other things, his need to review the record from the underlying criminal trial. But Cohen had previously deposed Leone and should have been versed in the case's details, given that he handled it from the outset. Cohen also has twelve years of experience, including substantial trial experience in state court. Six hours is a reasonable amount of time to prepare for the cross-examination.

Cohen also billed for 6.8 hours for the preparation of his closing statement. The statement, summing up a trial where the plaintiff and defendant were the only witnesses, took roughly 30 minutes. Cohen took 3.8 hours to prepare his opening, so 4.5 hours is a reasonable amount of time to prepare the closing.

Leone also objects to the 4.8 hours Cohen billed preparing to depose Leone, a proceeding which lasted for over an hour and a half. Leone's deposition testimony laid the groundwork for an effective cross-examination at trial and the time Cohen spent preparing for it was thus reasonable. Finally, Leone objects to the 10.3 total hours Cohen billed researching and drafting a motion *in limine*. But the motion addressed

4

three separate evidentiary issues over nine pages, and Cohen prevailed on two of them. (ECF Nos. 13, 24.)  The time charged is reasonable.

The Court will award Cohen fees based on 126.7 hours worked.

## C

Leone next argues that an $825 hourly rate for Yatvin's 5.6 hours of work is unreasonably high and asks the Court to apply an hourly rate of $789, which was Yatvin's rate before he increased it this year.  But Mr. Yatvin has practiced law for over 40 years, and $825 is his current ordinary billing rate and in line with the CLS benchmark of $735–850 for attorneys with that level of experience.  Leone contends that Yatvin's rate ought to be discounted here because Yatvin never entered his appearance in the case and because the case involved no complex legal issues.  That Yatvin never formally entered his appearance does not diminish the propriety or value of the advice he provided; fellow attorneys in a firm often consult on relevant issues. Yatvin's relatively limited participation in the case is not unreasonable, particularly given the advice that someone with his experience can provide.

## II

Leone's final objection is to Rahman's inclusion of $2,343.15 in electronic-research fees in his request for litigation costs.  Federal courts in this Circuit and around the country include electronic-research costs as part of cost-and-fee awards. *E.g.*, *Miles v. Elliot*, No. 94-4669, 2011 WL 5524842, at *6 (E.D. Pa. Nov. 14, 2011); *J.S. ex rel. Snyder v. Blue Mountain Sch. Dist.*, No. 3:07-585, 2014 WL 1321116, at *13 (M.D. Pa. Mar. 31, 2014); *In re UnitedHealth Grp. Inc. S'holder Derivative Litig.*, 631 F.3d 913, 918–19 (8th Cir. 2011) ("[t]he prevailing view…is to permit awards to

reimburse counsel for the reasonable costs of online research").  Any fee petition, of course, must be specific enough to allow the court to determine its reasonableness. *Washington v. Philadelphia Cnty. Ct. of Common Pleas*, 89 F.3d 1031, 1037–38 (3d Cir. 1996).  Courts in this District have denied litigation-costs awards for failure to describe the costs with specificity. *E.C. v. Sch. Dist. of Philadelphia*, 91 F. Supp. 3d 598, 616–17 (E.D. Pa. 2015) (collecting examples and denying reimbursement for copying costs because petitioning party failed to describe the costs' purposes).

Rahman's petition includes eight separate entries labelled "Westlaw Online Research."  (ECF No. 41, Ex. F).  These entries do not indicate the time spent on any particular task and provide no information, general or specific, on the issues researched.  Without this information, the electronic-research fees are not reimbursable.

III

Rahman's award is calculated as follows:

| | | | |
|---|---|---|---|
| Noah Cohen | $385/hour | 126.7 hours | $48,779.50 |
| Alan L. Yatvin | $825/hour | 5.6 hours | $4,620.00 |
| Rachel Pogolowitz | $185/hr | 11.2 | $2,072.00 |
| **Attorneys' Fees** | | | **$55,471.50** |
| Litigation Costs | | | $1,526.99 |
| **Total** | | | **56,998.49** |

An appropriate Order follows.

BY THE COURT:


**_/s/ Gerald J. Pappert_**

Gerald J. Pappert, J.